IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In Re:                     )

                       )

     SCOTT ALLEN LEVENS,     )     Case No. 07-40052-JWV-13

                       )

          Debtor.      )

                       )

## MEMORANDUM OPINION

The matter before the Court in this case is the motion of debtor Scott Allen Levens ("Debtor") to reconsider this Court's order denying his motion to extend the automatic stay. Debtor contends this Court erred if it denied his motion to extend the stay because it found there had been no change in his personal or financial circumstances and that he had not rebutted the presumption that the case was not filed in good faith. This Court has jurisdiction of the motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b)(1). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(G). This Order contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons indicated, the Court denies Debtor's motion for reconsideration.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Debtor and his spouse previously filed a joint case under Chapter 13 in this district on July 30, 2006. That case was dismissed on November 29, 2006 for failure to file a confirmable Chapter 13 plan. Debtor commenced this case on January 7, 2007. Because the Debtor had a previous case pending within one year which was dismissed, pursuant to 11 U.S.C. § 362(c)(3), the automatic stay would terminate (at least with respect to the Debtor) 30 days after the filing. Acknowledging that, Debtor filed a motion to extend the stay, alleging that his circumstances

had changed since the previous filing.  In particular, the Debtor alleged that at the time of the

previous filing, his employment was "uncertain," that he had now obtained employment with the

Union Pacific Railroad contingent only upon his passing a physical which he anticipated doing

by the time the motion was called for hearing.  He further alleged that the required plan

payments are to be made by wage order issued to his new employer, thus providing greater

certainty that they would in fact be made.  Debtor failed to address why he was unable to file a

confirmable plan in the previous case and how that issue has been resolved in this filing.

      Bank of America opposed the motion.  At the hearing, Debtor failed to appear.  His

counsel appeared and argued his financial circumstances had changed in that his employment

had now been confirmed (Debtor having passed the required physical) and he would be making

more than he did at the time he filed his prior case.  He alleged that since the plan payment of

$2,500 per month is to be made by wage order, there is a reasonable likelihood the plan will be

performed.  Bank of America pointed out that the Schedules of Assets and Liabilities in the prior

case showed Debtor's net income as being $1,386.66 with his wife's at $2,800.00 for a total net

monthly income of $4,186.66.  Debtor's Schedule J in that case showed expenses of $1,960.00

for a monthly disposable household income of $2,226.60.  By contrast, the schedules in Debtor's

current case show the Debtor having net monthly income of $2,583.00, his wife as being

unemployed and household expenses of $2,590.00, leaving a monthly disposable income of a

negative $7.00.  Thus, the schedules reflect not only that the household's disposable income has

declined since the last filing, but that there is no money with which to make a plan payment.

Debtor responded that *his* income had increased and that the plan payment was guaranteed by

wage order.  The Court held that a presumption of lack of good faith arose in the case pursuant to

§ 362(c)(3)(C)(i)(II)(aa) because of the Debtor's failure, in the prior case, to file a confirmable

plan and that the Debtor had failed to rebut the presumption by clear and convincing evidence

and otherwise failed to establish that the current case was filed in good faith.

Debtor has now filed a motion for reconsideration, arguing essentially that the schedules

in the prior case were erroneous and that when the correct information is considered, a positive

change in circumstances is shown, rebutting the presumption, demonstrating good faith and

warranting extension of the automatic stay.  In affidavits attached to the motion, the Debtor and

his wife contend that at the time of the filing of the petition in the prior case, the income shown

on Schedule I attributable to the Debtor was for a job which had been offered to him, but not

confirmed and in any event was not to have commenced until November 2006, some three

months after the commencement of the case.  They further contend the amount listed as income

for her was actually only earned for a period of approximately two weeks.[1]  Debtor then argues

that if the Court considers this new evidence, it must find that there has been a positive change in

circumstances and reconsider its ruling denying the motion to extend the automatic stay.

## II.  DISCUSSION

### A.  Standards for Relief Under Rule 9023 and Rule 59

Debtor seeks to have this Court reconsider its prior order denying his motion to extend

the automatic stay, presumably pursuant to Rule 9023 of the Federal Rules of Bankruptcy

Procedure which incorporates Rule 59 of the Federal Rules of Civil Procedure.  Pursuant to that

rule, the Court may alter or amend its prior order for any of the reasons specified in

---

[1]Debtor has now amended his motion for reconsideration four times and submitted an
alternative affidavit, withdrawing some of the allegations made in his initial affidavit regarding
the manner of preparation of the schedules in the prior case.  Nonetheless, he still contends that
the income figures shown in his prior Schedule I were inaccurate.

subparagraph (a). *In re Suggs,* 354 B.R. 903 (Bankr. W.D. Mo.2006); *NationBank v. Blier (In re Creative Goldsmiths)*, 178 B.R. 87, 90-91 (Bankr. D. Md. 1995).  One of the primary purposes of a Rule 59 motion is to permit correction of any manifest errors of law or misapprehension of fact.  *In re DEF Investments, Inc.*, 186 B.R. 671, 680 (Bankr. D. Minn. 1995).  A manifest error of law is the "wholesale disregard, misapplication or failure to recognize controlling precedent." *Elza v. United States of America*, 335 B.R. 654, 657 (Bankr. E.D. Ky. 2006), *citing Oto v. Metropolitan Life Insurance Co*., 224 F.3d 601, 606 (7th Cir. 2000).  Such a motion may also be based upon a mistake of fact, but a judgment should not be set aside except for substantial reasons.  *In re Jones*, 112 B.R. 975, 976 (Bankr. W.D. Mo. 1989), *citing* 11 Wright & Miller, Federal Practice and Procedure § 2804. The rule is not designed to provide an avenue for a disappointed party to re-litigate a matter previously decided by the court, or to introduce new evidence, tender new legal theories, or to raise arguments which could have been offered prior to the entry of the order.  *United States of America v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006); *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993); *Jones*, 112 B.R. at 977.  Attempts to "take a second bite at the apple" are beyond the scope of Rule 59. *DEF Investments*, 186 B.R. at 681.  When the issues have been carefully analyzed and a judgment rendered, only a change in the law or the facts upon which the court's decision was based will justify reconsideration of the court's previous order.  *DEF Investments*, 186 B.R. at 681.  Relief under Rule 59 should be granted sparingly and is properly viewed as an extraordinary remedy.  *See Kieffer v. Riske (In re Kieffer-Mickes, Inc.)*, 226 B.R. 204, 210 (B.A.P. 8th Cir.1998); *Wilson v. Runyan*, 981 F.2d 987, 989 (8th Cir.1992).

B.  Extension of the Automatic Stay Pursuant to § 362(c)(3)

The limitation on the scope and duration of the automatic stay contained in § 362(c)(3) was one of the additions made to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  As has been noted by other courts, the new provision is not a model of clarity.  *In re Baldassaro*, 338 B.R. 178, 182 (Bankr. D.N.H. 2006) ("this court . . . finds the provisions of § 362(c)(3) to be neither consistent nor coherent."); *In re Paschal*, 337 B.R. 274, 276 (Bankr. E.D.N.C.) ("in an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out."); *In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) (the provisions of § 362(c)(3) "are, at best, particularly difficult to parse and, at worst, virtually incoherent.").  Fortunately for this Court, some of the more difficult interpretive issues do not arise in this case based upon the facts and the arguments of the parties.  The Court must, however, consider whether its previous decision was appropriate, whether the Court should consider the "new evidence" offered by Debtor and, if so, whether reconsideration of its prior denial of Debtor's motion to extend the stay is warranted.

Pursuant to § 362(c)(3), if the debtor had a prior case pending within the one year period prior to the filing of the instant case which was dismissed, the automatic stay terminates with respect to the debtor 30 days after the filing.  11 U.S.C. § 362(c)(3)(A).[2]  Debtor may move to

---

[2]A question of interpretation has arisen as to whether the termination of the automatic stay  pursuant to the provisions of § 362(c)(3) after the expiration of the 30-day period affects property of the estate or merely the debtor and property of the debtor.  With one exception, the courts that have considered the question have held that § 362(c)(3) does not affect property of the estate and thus the stay remains in effect as to such property notwithstanding the expiration of the 30-day period. *See, e.g.*, *In re Jumpp*, 2006 WL 3802702 (B.A.P. 1st Cir.2006); *In re Hollingsworth*, 2006 WL 3890610 (Bankr. D. Utah 2006); *In re Pope*, 351 B.R. 14 (Bankr. D.R.I. 2006); *In re Murray*, 350 B.R. 408 (Bankr. S.D. Ohio 2006); *In re Brandon*, 349 B.R. 130 (Bankr. M.D.N.C. 2006); *In re Gillcrese*, 346 B.R. 373 (Bankr. W.D. Pa. 2006); *In re Williams*, 346 B.R. 361 (Bankr. E.D. Pa. 2006); *In re Harris*, 342 B.R. 274 (Bankr. N.D. Okla. 2006); *In re*

extend the stay, but must prove that the case was filed in good faith.  11 U.S.C. § 362(c)(3)(B).

Under certain circumstances, a presumption that the case was not filed in good faith arises,

which must be rebutted clear and convincing evidence.  11 U.S.C. § 363(c)(3)(C).  Clear and

convincing evidence has been defined as "...that weight of proof which produces in the mind of

the trier of fact a firm belief or conviction as to the truth of the allegations sought to be

established, evidence so clear, direct and weighty and convincing as to enable the fact finder to

come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."  *In re

Garrett*,  2006 WL 3525100 (Bankr. C.D. Ill.2006); *In re Montoya*, 333 B.R. 449, 457 n. 12

(Bankr. D. Utah 2005); *Charles*, 332 B.R. at 542 *citing Shafer v. Army & Air Force Exch. Serv.*,

376 F.3d 386, 396 (5th Cir.2004); *see also Baldassaro*, 338 B.R. at 188 ("clear and convincing

standard has been defined as the weight of proof that would place in the ultimate fact finder an

abiding conviction that the truth of its factual contentions are highly probable") *citing Colorado

v. New Mexico*, 467 U.S. 310, 316 (1984); *In re Kurtzahn*, 337 B.R. 356, 366 (Bankr. D. Minn.

2006) (same).  One of the triggering events causing a presumption to arise is the dismissal of the

prior case as a result of the failure of the Debtor to file or amend the petition or other documents.

11 U.S.C. § 362(c)(3)(C)(i)(II)(aa).  Since the Debtor's prior case was dismissed for failure to

file a confirmable plan, the Court considers the presumption to have risen in this case.  Even if

there were no presumption, the Debtor would still be obligated to prove by preponderance of the

evidence that the current case was filed in good faith.  *Kurtzahn*, 337 B.R. at 365 (Bankr. D.

Minn. 2006); *In re Havner*, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); *In re Galanis*, 334 B.R.

---

*Moon*, 339 B.R. 668 (Bankr. N.D. Ohio 2006); *In re Jones*, 339 B.R. 360 (Bankr. E.D.N.C.
2006); *In re Johnson*, 335 B.R. 805 (Bankr. E.D. Tenn. 2006).  *Contra*, *In re Jupiter*, 344 B.R.
754 (Bankr. D.S.C. 2006).  Because neither party raised the issue in this case, the Court takes no
position on the question.

685, 691 (Bankr. D. Utah 2005); *In re Charles*, 334 B.R. 207, 214 (Bankr. S.D. Tex.2005).

The Code does not define the phrase "good faith" or enumerate the factors that the Court should consider in making the determination in this context. The concept, however, is not a novel one for the bankruptcy courts. For example, courts have consistently held that bad faith in the filing of a petition constitutes cause, pursuant to § 362(d)(1), for relief from automatic stay. *See In re Simmons*, 149 B.R. 586, 591 (Bankr. W.D. Mo.1993). The situation before this Court is essentially the converse. Instead of determining whether the automatic stay should be lifted for cause because the case was not filed in good faith, the Court must determine whether a lack of good faith in the filing of the petition prevents the stay from being extended.

Courts seeking to craft an appropriate standard for assessing good faith on a motion for extension of the automatic stay filed under § 362(c)(3) have turned for guidance to cases decided under the Code prior to its amendment by BAPCPA. *Baldassaro*, 338 B.R. at 187; *Kurtzahn*, 337 B.R. at 364; *Montoya*, 333 B.R. at 457. In the Chapter 13 context, the Code has long required that the Court find, in order to confirm a proposed Chapter 13 plan, that the plan was proposed in good faith. 11 U.S.C. § 1325(a)(3). In addition, the Court may, for cause shown, pursuant to § 1307(c) convert or dismiss a Chapter 13 proceeding. The courts have held that lack of good faith in the filing of the petition may constitute such cause. *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218, 220 (8th Cir.1996). The courts have reviewed and analyzed the standards employed in assessing good faith in both the § 1325(a)(3) and § 1307(c) contexts to assess their suitability in making the good faith finding required by § 362(c)(3). *Kurtzahn*, 337 B.R. at 364; *Galanis*, 334 B.R. at 691-692. Most of the courts that have considered the question have held that a modified list of the factors traditionally employed to determine the propriety of conversion

or dismissal under § 1307(c) is appropriate for use in this context.  *See Baldassaro*, 338 B.R. at

188; *Havner*, 336 B.R. at 103-104; *Galanis*, 334 B.R. at 692; *Montoya*, 333 B.R. at 457-458.[3]

Those courts have held that the following factors should be considered in assessing good faith

for purposes of § 362(c)(3): (1) the timing of the petition; (2) how the debts arose; (3) the

Debtor's motive in filing the second petition; (4) how the Debtor's actions affected creditors; (5)

why the Debtor's prior case was dismissed; (6) the likelihood that the Debtor will have a steady

income throughout the bankruptcy case, and will be able to fund a plan; and (7) whether the

trustee or creditors object to the motion to continue the stay.  *Baldassaro*, 338 B.R. at 188;

*Havner*, 336 B.R. at 103; *Galanis*, 334 B.R. at 693.[4]  To this list, the Court would add as relevant

considerations whether the information contained in the Debtor's filings is accurate and whether

the Debtor is complying with obligations imposed by the Code, the Federal Rules of Bankruptcy

Procedure and this Court's local rules.

    While these factors are helpful, they are neither determinative nor exhaustive since, as

one court has put it, the ultimate determination is whether "the debtor is attempting to thwart his

creditors or whether he is making an honest effort to repay them to the best of his ability."

*Baldassaro*, 338 B.R. at 188.  Accordingly, while the Court will consider these factors, the

determination of whether the subsequent filing has been made in good faith will be made on a

_____

    [3]This Court concludes, as have these others, that application of the standards related to
the good faith determination under § 1325(a)(3) is less appropriate.  The purpose and temporal
focus of that determination is different.  Congress must think so as well as the Code now requires
that the Court make an independent determination that the case was filed in good faith in order to
confirm a Chapter 13 plan.  11 U.S.C. § 1325(a)(7).

    [4]The appropriateness of using this set of factors in this context is reinforced by the fact
that a similar list of factors has been employed by the courts in determining whether the
automatic stay should be lifted for lack of good faith in filing a bankruptcy petition.  *See In re
Seversen*, 1995 WL 29634, *3 (N.D. Ill.).

case-by-case basis after considering the totality of the circumstances.  *Havner*, 336 B.R. 98 at

103-104; *Galanis*, 334 B.R. at 692; *Montoya*, 333 B.R. at 458.  *Cf. Molitor*, 76 F.3d at 220

(employing "totality of circumstances" approach in § 1307(c) context).  In most instances, the

court will focus initially upon whether the debtor has remedied the problem which caused the

dismissal of the prior case.  Logically, that would be an appropriate focus in a case in which the

presumption of abuse has arisen for some reason.  If the presumption of abuse is rebutted or if no

presumption arises, the court will make a good faith determination based on all the facts and

circumstances, employing the factors noted above as a guide.

C.  Analysis of the Debtor's Motion for Reconsideration

Debtor does not argue that the Court committed an error of law.  Neither does he argue

that the Court misperceived the facts.  Instead, he argues that the facts upon which the Court's

decision was predicated, particularly the information contained in the schedules of income and

expenses in the prior case, were inaccurate and that if the Court considers the correct state of

facts pursuant to new evidence contained in the affidavits submitted subsequent to the hearing, it

should reconsider.

The Court will deny the motion for reconsideration for both procedural and substantive

reasons.  First, the motion is procedurally improper.  The evidence now urged in support of the

motion to extend the stay could and should have been presented at the hearing on the motion.  In

his affidavit, Debtor states that he had only recently begun his new employment and did not feel

that he could miss work to attend the hearing.  The affidavit does not, however, indicate that the

Debtor even bothered to inquire of his employer for permission to attend the hearing.  He

apparently simply assumed he would not be able to attend.  Debtor has thus failed to demonstrate

-9-

that he could not have presented this evidence himself.  However, even if he could not have

attended, there is no reason his wife could not have appeared to present this testimony.

According to her affidavit, she knew all the facts and circumstances of their respective

employment situations as of the filing of the previous joint case.  Therefore, because the Debtor

could have offered the evidence at the hearing on the motion, it should not be considered by the

Court now.

Second, however, even were the Court to consider this evidence, it would not warrant

reconsideration of the ruling on the motion to extend the stay.  Though the evidence might

demonstrate a favorable change in circumstances in some respects, overall it does not

demonstrate that the Debtor has sufficient income to confirm and perform a Chapter 13 plan.

*See* § 362(c)(3)(C)(ii)(III)(bb).  As noted above, one of the factors for the Court to consider in

determining whether the case has been filed in good faith is the Debtor's ability to make the

required plan payments.  In this case, the Debtor lacks the income necessary to do so.  His net

monthly income is $2,583.00.  His monthly household expenses are $2,590.00.  Therefore,

Debtor has no disposable income with which to make the plan payment.  Debtor responded to

this concern at the hearing by observing that the $2,500.00 monthly plan payment is guaranteed

by wage order.  While this may be true, it is a situation that cannot be sustained for long, since

after deducting the $2,500.00 plan payment, Debtor will have only $83.00 with which to pay his

recurring monthly expenses of $2,590.00.  The Court's previous decision was predicated at least

in part upon this very fact.  In his most recent affidavit, the Debtor indicates that even the

scheduled income shown in this current case may be inaccurate, suggesting that his actual gross

income may be as much as $4,100.00 per month, approximately $800 in excess of the figure

shown.  Even that is unclear, however, as the Debtor admits that the precise amount of his gross

income is unknown since he had not, as of the time of the submission of the affidavit, received

his first paycheck.  Despite being uncertain, this additional information is insufficient to change

the result.  Even another $800.00 in net income would leave the Debtor far short of being able to

both pay his recurring monthly expenses and make his required plan payment.  In his revised

affidavit, Debtor also indicates that he has some family support with which to make the plan

payments.  Once again, this evidence could and should have been presented at the hearing on the

motion and the Court will not consider it now.  Even were it to do so, however, the Court would

not reach a different result on the motion to reconsider.  Debtor's affidavit contains no details

indicating who is providing the support, in what amounts and how frequently.  Accordingly, it

does not demonstrate that the Debtor now has sufficient disposable income.  Since it remains

true that Debtor cannot pay both his recurring monthly expenses and make the required plan

payment, the Court believes that its prior decision denying the motion for extension of stay was

appropriate.  Debtor has unquestionably not demonstrated by clear and convincing evidence that

any presumption of lack of good faith in the filing of this petition has been rebutted.

     For all these reasons, the Court denies Debtor's motion to reconsider.  A separate order

will be entered in accordance with Rule 9021.


Dated:   February 23, 2007              /s/ Dennis R. Dow
                                          THE HONORABLE DENNIS R. DOW
                                          UNITED STATES BANKRUPTCY JUDGE

Copies to:

Frank E. Brown
Cynthia M. Wolverton